**Click here to Respond to Selected Documents**

**Sort Date Entries: Descending Ascending**

**Display Options:** All Entries ▼

<div style="border: 1px solid black;">

**EXHIBIT**

**A**

</div>

**05/22/2025**

**Return Service - Other**
Document ID - 25-SMCC-8243; Served To - ULRICH, DAVID; Served Date - 05/18/2025; Served Time - 13:05:00; Service Type - SP; Reason Description - SERV; Service Text -; Updated Service Text - Document ID - 25-SMCC-8243; Served To - DAVID ULRICH; Served Date - 05/18/2025; Served Time - 13:05:00; Service Type - SP; Reason Description - SERV; Service Text -

**05/21/2025**

**Notice of Service**
Return of Service and Affidavit; Electronic Filing Certificate of Service.
    **Filed By:** JOAN M SWARTZ
    **On Behalf Of:** RANDALL KRIEWALL

**Notice of Service**
Return of Service and Affidavit; Electronic Filing Certificate of Service.
    **Filed By:** JOAN M SWARTZ
    **On Behalf Of:** RANDALL KRIEWALL

**Notice of Service**
Return of Service Affidavit; Electronic Filing Certificate of Service.
    **Filed By:** JOAN M SWARTZ
    **On Behalf Of:** RANDALL KRIEWALL

**Return Service - Other**
Document ID - 25-SMCC-8242; Served To - FIELDS, HOWARD; Served Date - 05/20/2025; Served Time - 13:05:00; Service Type - SP; Reason Description - SERV; Service Text -

**Corporation Served**
Document ID - 25-SMCC-8244; Served To - KIRKWOOD SCHOOL DISTRICT,; Served Date - 05/20/2025; Served Time - 13:05:00; Service Type - SP; Reason Description - SERV; Service Text -

**05/20/2025**

**Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
    **Filed By:** JOAN M SWARTZ
    **On Behalf Of:** RANDALL KRIEWALL

**Summons Issued-Circuit**
Document ID: 25-SMCC-8244, for KIRKWOOD SCHOOL DISTRICT Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Summons Issued-Circuit**
Document ID: 25-SMCC-8243, for ULRICH, DAVID Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**Summons Issued-Circuit**
Document ID: 25-SMCC-8242, for FIELDS, HOWARD Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.

**05/19/2025**

**Motion Special Process Server**
Motion for Special Process Server.
    **Filed By:** BRENDAN ROBERT MCDONOUGH
    **On Behalf Of:** RANDALL KRIEWALL

**Motion Special Process Server**
Motion for Special Process Server.
    **Filed By:** BRENDAN ROBERT MCDONOUGH
    **On Behalf Of:** RANDALL KRIEWALL

**Motion Special Process Server**
Motion for Special Process Server.
    **Filed By:** BRENDAN ROBERT MCDONOUGH
    **On Behalf Of:** RANDALL KRIEWALL

Case 4:25-cv-00871-CMCO   Doc. #: 1-1   Filed: 06/17/25   Page: 2 of 81   PageID #: 6

**Notice of Dismissal**

NOTICE OF DISMISSAL SENT DUE TO MISSING $108 SHERIFF'S SERVICE FEES ($36 PER DEF.) OR A SPECIAL PROCESS SERVER FORM. E-FILE A MEMO WITH THE REMAINING $108 FEES OR A SPECIAL PROCESS SERVER FORM SO THE SUMMONS CAN BE ISSUED. FOR FUTURE REFERENCE, THE SHERIFFS FEES OR SPS FORM MUST BE FILED ALONG WITH THE ORIGINAL FILING. IF USING A SPECIAL PROCESS SERVER, Per Local Rule 28 (E), you must submit the "Request for Appointment of Process Server" form, which can be found on the St. Louis County Court's Web Site. ONCE THE FEES OR SPS FORM IS E-FILED, CONTACT THE CLERK AT 314-615-8470.

**05/14/2025**

**Filing Info Sheet eFiling**

    **Filed By:** BRENDAN ROBERT MCDONOUGH

**Pet Filed in Circuit Ct**

PETITION.

    **Filed By:** BRENDAN ROBERT MCDONOUGH

**Judge Assigned**

DIV 9

25SL-CC05302

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | | |
|---|---|---|
| RANDALL KRIEWALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| KIRKWOOD SCHOOL DISTRICT, | ) | Division No. |
| | ) | |
| Serve Superintendent: | ) | |
| Dr. David Ulrich | ) | |
| 1099 Milwaukee Street | ) | |
| Kirkwood, Missouri 63122 | ) | |
| | ) | |
| DAVID ULRICH, | ) | |
| | ) | |
| Serve at Place of Employment: | ) | |
| Kirkwood School District | ) | |
| 1099 Milwaukee Street | ) | |
| Kirkwood, Missouri 63122 | ) | |
| | ) | |
| HOWARD FIELDS, | ) | |
| | ) | |
| Serve at Place of Employment: | ) | |
| Kirkwood School District | ) | |
| 1099 Milwaukee Street | ) | |
| Kirkwood, Missouri 63122 | ) | |
| | ) | |
| Defendants. | ) | |

**PETITION**

COMES NOW Plaintiff Randall Kriewall, by and through his counsel, and for his Petition against Defendants Kirkwood School District, David Ulrich and Howard Fields states as follows:

**PARTIES**

1. Plaintiff Randall Kriewall is a resident of St. Louis County, Missouri, residing at 981 Woodside Village Lane, Manchester, Missouri 63021.

1

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

2.      Defendant Kirkwood School District is a public school district, organized and existing under Missouri law, with its service boundary and principal place of business located in St. Louis County, Missouri, at 1099 Milwaukee Street, Kirkwood, Missouri 63122.

3.      At all times relevant hereto, Defendant David Ulrich is and was the Superintendent of the Kirkwood School District, is and was acting in his official capacity as the Superintendent of the Kirkwood School District and is and was acting in furtherance of the interests of Defendant Kirkwood School District.

4.      At all times relevant hereto, Defendant Howard Fields is and was the Assistant Superintendent of Human Resources for the Kirkwood School District.

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

5.      From 1992 to 2020, Defendant Kirkwood School District employed Plaintiff Randall Kriewall as a math teacher at Kirkwood High School.

6.      Plaintiff Randall Kriewall performed his professional duties as a math teacher at Kirkwood High School in strict compliance with the board policies, rules and regulations of Defendant Kirkwood School District.

7.      On or about June 30, 2021, Plaintiff Randall Kriewall voluntarily resigned his employment and retired after teaching for twenty-eight (28) years in the Kirkwood School District.

8.      Prior to his resignation and retirement, Plaintiff Randall Kriewall had not been disciplined for misconduct by Defendant Kirkwood School District, had not been informed by Defendant Kirkwood School District of the commencement of any termination proceeding or any intent by Defendant Kirkwood School District not to renew his employment contract, and was not the subject of any misconduct allegations or misconduct investigation.

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

9. After his resignation and retirement, Plaintiff Randall Kriewall intended to continue working with Defendant Kirkwood School District as a freelance photographer with the Kirkwood Athletic Department and as a School District approved tutor for math classes and other subject matters at Kirkwood High School.

10. On or about September 1, 2020, while being approved and accredited as a freelance photographer with the Kirkwood Athletic Department and as a School District approved tutor for math classes and other subject matters, Defendant Kirkwood School District took the following employment related actions (collectively "Post-Employment Ban") against Plaintiff Randall Kriewall:

a. Defendant Kirkwood School District prohibited Plaintiff Randall Kriewall from interacting with administrators, faculty, staff and students of the Kirkwood High School;

b. Defendant Kirkwood School District prohibited Plaintiff Randall Kriewall from entering or being present on any property or in any facility owned by Defendant Kirkwood School District;

c. Defendant Kirkwood School District prohibited Plaintiff Randall Kriewall from taking photographs of any administrators, faculty, staff or students of the Kirkwood High School District; and

d. Defendant Kirkwood School District prohibited Plaintiff Randall Kriewall from providing photography services to the Kirkwood Athletic District or tutoring or providing other teaching services at Kirkwood High School; and

e. Defendant Kirkwood School District placed Plaintiff Randall Kriewall on the "Do Not Hire" list maintained by Defendant Kirkwood School District prohibiting present or future employment in the Kirkwood School District.

3

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

11.    In imposing the Post-Employment Ban, Defendant Kirkwood School District, acting by and through Defendants David Ulrich and Howard Fields, acted unilaterally as follows:

a.    Defendant Kirkwood School District did not provide Plaintiff Randall Kriewall of any advance warning prior to imposing the Post-Employment Ban;

b.    Defendant Kirkwood School District did not provide Plaintiff Randall Kriewall any statement of charges alleging misconduct and without describing either the factual or legal basis for the Post-Employment Ban;

c.    Defendant Kirkwood School District did not provide Plaintiff Randall Kriewall any opportunity to respond to any statement of charges alleging misconduct or any description of the basis for the Post-Employment Ban or any opportunity to be heard in opposition to the Post-Employment Ban; and

d.    Defendant Kirkwood School District did not provide Plaintiff Randall Kriewall with any pre-deprivation or post-deprivation hearing to challenge or otherwise contest the Post-Employment Ban.

12.    In imposing the Post-Employment Ban, Defendant Kirkwood School District, acting by and through Defendants David Ulrich and Howard Fields, acted in an arbitrary and capricious manner:

a.    Defendant Kirkwood School District had no board policy or other lawful authority that authorized the imposition of the Post-Employment Ban against Plaintiff Randall Kriewall;

b.    Defendant Kirkwood School District had no reasonable conduct rules or regulations that authorized Defendant Kirkwood School District to prohibit Plaintiff Randall

4

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

Kriewall from entering or being present on properties or in facilities owned by Defendant Kirkwood School District for events open to the general public;

c.      Defendant Kirkwood School District had no reasonable basis for the imposition of the Post-Employment Ban (including the prohibition on Plaintiff Randall Kriewall entering or being present on properties or in facilities owned by Defendant Kirkwood School District) where there was no evidence that Plaintiff Randall Kriewall had acted in a threatening, disruptive, violent or other unlawful manner;

d.      Defendant Kirkwood School District had no published standards of conduct from which Plaintiff Randall Kriewall had notice of any prohibited conduct or the standards relating to the prohibited conduct that would have permitted Plaintiff Randall Kriewall to conform his conduct to the standard of conduct; and

e.      Defendant Kirkwood School District made the decision to impose the Post-Employment Ban against Plaintiff Randall Kriewall based on the personal opinions and beliefs of Defendants David Ulrich and Howard Fields and/or the personal whims of Defendant David Ulrich and Howard Fields.

13.      In imposing the Post-Employment Ban, Defendant Kirkwood School District, acting by and through Defendants David Ulrich and Howard Fields, acted in excess of its power and authority as follows:

a.      Defendant Kirkwood School District had no power or authority under §566.149 R.S.Mo. to impose the Post-Employment Ban (including the prohibition on Plaintiff Randall Kriewall entering or being present on properties or in facilities owned by Defendant Kirkwood School District) where Plaintiff Randall Kriewall was not convicted of any crime set forth in §566.149 R.S.Mo.;

5

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

b.      Defendant Kirkwood School District had no power or authority under Board Policy KK and Board Policy KK-AP to impose the Post-Employment Ban (including the prohibition on Plaintiff Randall Kriewall entering or being present on properties or in facilities owned by Defendant Kirkwood School District) where Plaintiff Randall Kriewall did not engage in any inappropriate behavior or conduct as defined in said policies;

c.      Defendant Kirkwood School District has no power or authority under the Family Educational Rights and Privacy Act to impose the Post-Employment Ban (including the prohibition on Plaintiff Randall Kriewall taking photographs of any administrators, faculty, staff or students of the Kirkwood High School District) where Plaintiff Randall Kriewall is a private citizen, the photographs were taken at public events (including sporting events), the photographs were not taken on properties or in facilities owned by Defendant Kirkwood School District, and Kirkwood students were only depicted incidentally in the photographs, which were focused on Webster Groves students playing football; and

d.      Defendant Kirkwood School District has not adopted any board policy authorizing Defendant David Ulrich or Defendant Howard Fields to impose the Post-Employment Ban against Plaintiff Randall Kriewall.

14.     Subsequent to the imposition of the Post-Employment Ban, in May 2022, Plaintiff Randall Kriewall attended the high school graduation ceremony for Kirkwood High School students at the invitation of teachers and students of the Kirkwood School District.

15.     The high school graduation ceremony for Kirkwood High School students was a public event and all members of the general public (including alumni and former faculty of Kirkwood High School) were permitted to attend the ceremony.

16.     While lawfully and peacefully attending the graduation ceremony, Defendant

6

Kirkwood School District threatened to arrest and forcefully remove Plaintiff Randall Kriewall from the high school graduation ceremony.

17. The threatened arrest and forceful removal of Plaintiff Randall Kriewall was inconsistent with Board Policy KK and Board Policy KK-AP that restricted the grounds upon which Defendant David Ulrich could exclude an individual from a public event or activity.

18. Subsequent to the imposition of the Post-Employment Ban, in February 2023, Plaintiff Randall Kriewall attended an alumni event honoring Kirkwood High School's basketball team.

19. The alumni event honoring Kirkwood High School's basketball team was a public event and all members of the general public (including alumni and former faculty of Kirkwood High School) were permitted to attend the event.

20. Plaintiff Randall Kriewall was denied permission to photograph the alumni event honoring Kirkwood High School's basketball team.

21. The denial of permission to Plaintiff Randall Kriewall was not authorized by any board policy adopted by the Board of Education of Defendant Kirkwood School District.

22. Subsequent to the imposition of the Post-Employment Ban, in August 2023, Plaintiff Randall Kriewall was employed by the Webster Groves School District to photograph football games, including a football game played by Webster Groves High School against Kirkwood High School.

23. The football game played by Webster Groves High School against Kirkwood High School was a public event held on the athletic field of Webster Groves High School and all members of the general public (including alumni and former faculty of Kirkwood High School) were permitted to attend the event and to take photographs of the football game.

7

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

24.     Subsequent to the football game, Defendant Kirkwood School District threatened to take legal action against Plaintiff Randall Kriewall if Plaintiff Randall Kriewall took or attempted to take photographs of any events or activities involving Kirkwood High School students.

25.     The threatened legal action against Plaintiff Randall Kriewall was not authorized by any board policy adopted by the Board of Education of Defendant Kirkwood School District.

26.     From the imposition of the Post-Employment Ban to the present, Plaintiff Randall Kriewall repeatedly requested notice of the allegations made against him, the status of any investigation into the allegations made against him, and the opportunity to respond to the allegations made against him.

27.     After repeated requests, Defendant Howard Fields verbally described in general terms the allegations as (a) inappropriate contact, inappropriate compliments and providing special attention to students, (b) graffiti in the boy's bathroom, and (c) a photograph from a 2005 freshmen football game.

28.     Defendant Howard Fields refused to provide any specific details of the allegations, including alleged dates, places or locations, names of students or teachers involved, and/or a description of the inappropriate contact, inappropriate compliments or special attention or an explanation as to why the photograph from a 2005 freshman football game was inappropriate.

29.     Defendant Howard Fields acknowledged that the allegations were based on comments (including anonymous comments) solicited from current and former administrators, teachers, parents and students as a part of an assessment of the culture and climate of the Kirkwood School District by Encompass Resolution that used surveys and other electronic reporting forms.

30.     The surveys and other electronic reporting forms permitted anyone with access to

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

the Kirkwood School District website or Kirkwood High School Alumni Facebook page to submit comments anonymously and without providing any specific details or other information to investigate or verify the truth of the allegations made.

31.     Defendant Kirkwood School District has a statutory duty under §210.115 R.S.Mo. to report child abuse and neglect, including sexual assault and other misconduct.

32.     Based on information and belief, Defendant Kirkwood School District did not report any child abuse or neglect or sexual assault or other misconduct to the Missouri Children's Division or to the Kirkwood Police Department involving Plaintiff Randall Kriewall or, in the alternative, if any report was made, the Missouri Children's Division and/or Kirkwood Police Department were unable to substantiate any allegation or report of child abuse or neglect or sexual assault or other misconduct.

33.     Plaintiff Randall Kriewall has not been interviewed by Defendant Kirkwood School District, Encompass Resolution, the Missouri Children's Division or the Kirkwood Police Department relating to any allegation or report of child abuse or neglect or sexual assault or other misconduct.

34.     Plaintiff Randall Kriewall has not been arrested by Kirkwood Police Department or convicted of any crime involving sexual assault, child pornography, abuse of authority or other misconduct, has not been the subject of any allegation of abuse or neglect investigation or substantiated by the Missouri Children's Division, and has not been subject to any investigation or discipline by the Missouri Board of Education or the Missouri Department of Elementary and Secondary Education.

35.     In addition to requests made for information regarding allegations, Plaintiff Randall Kriewall repeatedly inquired as to the process for contesting or seeking the rescission of the Post-

Employment Ban and was instructed by Defendant Howard Fields to submit a letter to Defendant Howard Fields requesting the rescission of the Post-Employment Ban.

36.    Despite providing the requested letter to Defendant Howard Fields responding to allegations made anonymously and to allegations made without any supporting information or detail, Plaintiff Randall Kriewall submitted the requested letter to Defendant Howard Fields.

37.    Defendant Howard Fields summarily denied the request by Plaintiff Randall Kriewall for Defendant Kirkwood School District to rescind the Post-Employment Ban.

38.    Despite the summarily denial his request, Defendant Howard Fields failed to inform Plaintiff Randall Kriewall of the decision, the criteria used to make the decision, or the factual and legal basis for the decision.

39.    In August 2023, Plaintiff Randall Kriewall, after being employed by the Webster Groves School District to photograph sporting events and activities of the football program, was informed by the Webster Groves School District that the Webster Groves School District would not employ Plaintiff Randall Kriewall until the Post-Employment Ban was rescinded by Defendant Kirkwood School District.

40.    In August 2023, Plaintiff Randall Kriewall was offered a position as a long-term substitute teacher by the Ladue School District subject to employment verification and criminal background checks.

41.    In September 2023, after the Ladue School District contacted Defendant Kirkwood School District for employment verification, the Ladue School District declined to employ Plaintiff Randall Kriewall.

42.    In January 2024, Plaintiff Randall Kriewall was offered a contract for consulting services by the Ft. Zumwalt School District subject to employment verification and criminal

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

background checks.

43.    In January 2024, after the Ft. Zumwalt School District contacted Defendant Kirkwood School District for employment verification, the Ft. Zumwalt School District declined to employ Plaintiff Randall Kriewall.

44.    Based on information and belief, Defendant Kirkwood School District, when requested to provide employment verification regarding Plaintiff Randall Kriewall, disclosed and continues to disclose the existence of anonymous and unsubstantiated sexual misconduct allegations regarding Plaintiff Randall Kriewall as well as the Post-Employment Ban and falsely states and continues to state that the prior conduct Plaintiff Randall Kriewall violated board policies, rules and regulations of Defendant Kirkwood School District regarding professional staff conduct and staff-student relations.

**COUNT I – PERMANENT WRIT OF PROHIBITION**
**(BAN UPON ADMISSION TO SCHOOL PROPERTY)**

COMES NOW, Plaintiff Randall Kriewall, by and through his counsel, and for Count I of Plaintiff's Petition against Defendants Kirkwood School District, David Ulrich and Howard Fields states as follows:

45.    Plaintiff Randall Kriewall realleges, reasserts and incorporates paragraphs 1 through 44 of Plaintiff's Petition as and for this paragraph 44 of Plaintiff's Petition.

46.    Under §171.011 R.S.Mo., the School Board of Defendant Kirkwood School District had the power to adopt rules and regulations for the governance of the Kirkwood School District.

47.    Pursuant to §171.011 R.S.Mo., the School Board of Defendant Kirkwood School District promulgated or otherwise adopted Board Policy KK and Administrative Procedure KK-AP(1).  True and correct copies of Board Policy KK and Administrative Procedure KK-AP(1) are

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

attached hereto as Exhibit No. 1 and Exhibit No. 2 and are incorporated by reference.

48. Board Policy KK provides, in pertinent part, as follows:

a. Board Policy KK prohibits registered sex offenders from entering or otherwise being present on the property and in the facilities of Defendant Kirkwood School District.

b. Board Policy KK empowers the Superintendent or his designee to decide whether a person engaged in "disruptive, threatening or violent" conduct;

c. Board Policy KK grants to the Superintendent or his designee the discretionary power to direct a person to leave school property where a person has been "disruptive, threatening or violent."

d. Board Policy KK provides the Superintendent, after determining the factual basis for a ban, with the discretionary power to determine the length of the ban and whether the ban from school property or school events should be "indefinitely or for a specific period."

49. Administrative Procedure KK-AP(1) provides, in pertinent part, as follows:

a. Administrative Procedure KK-AP(1) provides specific examples of "inappropriate conduct" warranting the denial of entry to school property or school events.

b. Administrative Procedure KK-AP(1) empowers the Superintendent or his designee to decide whether a person had engaged in "inappropriate conduct."

c. Administrative Procedure KK-AP(1) grants to the Superintendent or his designee the discretionary power, after determining the factual basis for a ban, with the discretionary power to deny a person future admission upon school property.

d. Administrative Procedure KK-AP(1) provides a specific procedure for notifying an individual of the reasons for the denial of entry to school property or school events,

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

the length of the prohibition or ban, and instructions for addressing the Board of Education relating to the prohibition or ban.

50.     Defendant David Ulrich as Superintendent and Defendant Howard Fields are administrative officers vested with quasi-judicial power to:

a.      Determine whether Plaintiff Randall Kriewall is a registered sex offender, has acted in a "disruptive, threatening or violent" manner, or has engaged in inappropriate conduct or behavior warranting his denial of entry upon school property and his ban from entry upon school property in the future.

b.      Assess the nature and degree of the conduct, the nature and degree of harm, and the likelihood of harm in determining the length of ban.

51.     Defendant David Ulrich and Defendant Howard Fields exceeded the power and authority granted by the School Board of Defendant Kirkwood High School and acted in excess of their jurisdiction to bar entry to school property as follows:

a.      Defendant David Ulrich and Defendant Howard Fields barred Plaintiff Randall Kriewall from entry upon school property without making any finding that Plaintiff Randall Kriewall is a registered sex offender, that Plaintiff Randall Kriewall has acted in a "disruptive, threatening or violent" manner, or that Plaintiff Randall Kriewall has engaged in inappropriate conduct or behavior warranting his denial of entry upon school property and his ban from entry upon school property in the future.

b.      Defendant David Ulrich and Defendant Howard Fields barred Plaintiff Randall Kriewall from entry upon school property based on anonymous and unsubstantiated comments regarding Plaintiff Randall Kriewall that did not allege any violation of the policies, rules and regulations of Defendant Kirkwood School District and that did not constitute

13

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

"disruptive, threatening or violent" conduct or inappropriate conduct and behavior.

c.    Defendant David Ulrich and Defendant Howard Fields barred Plaintiff Randall Kriewall from entry upon school property without first notifying Plaintiff Randall Kriewall of the reasons for the denial of entry to school property or school events, without stating the length of the prohibition or ban, and without providing instructions for addressing the Board of Education relating to the prohibition or ban.

52.    Plaintiff Randall Kriewall seeks a permanent seeks a writ of prohibition enjoining and restraining Defendants Kirkwood School District, David Ulrich and Howard Fields from imposing and enforcing a permanent or indefinite ban prohibiting Plaintiff Randall Kriewall from entering upon school property or attending school events.

WHEREFORE, Plaintiff Randall Kriewall prays the Court to enter judgment in favor of Plaintiff Randall Kriewall and against Defendants Kirkwood School District, David Ulrich and David Fields, the issuance of a permanent writ of prohibition enjoining and restraining Defendants Kirkwood School District, David Ulrich and Howard Fields from imposing and enforcing a permanent or indefinite ban prohibiting Plaintiff Randall Kriewall from entering upon school property or attending school events, for Plaintiff's attorneys fees and costs, and for such other and further relief as may be proper.

### COUNT II – PERMANENT WRIT OF MANDAMUS
### (ISSUANCE OF NOTICE RELATING TO BAN UPON
### ADMISSION TO SCHOOL PROPERTY)

COMES NOW, Plaintiff Randall Kriewall, by and through her counsel, and for Count II of Plaintiff's Petition against Defendants Kirkwood School District, David Ulrich and Howard Fields states as follows:

53.    Plaintiff Randall Kriewall realleges, reasserts and incorporates paragraphs 1

14

through 52 of Plaintiff's Petition as and for this paragraph 53 of Plaintiff's Petition.

54.     Under §171.011 R.S.Mo., the School Board of Defendant Kirkwood School District had the power to adopt rules and regulations for the governance of the Kirkwood School District.

55.     Pursuant to §171.011 R.S.Mo., the School Board of Defendant Kirkwood School District promulgated or otherwise adopted Board Policy KK and Administrative Procedure KK-AP(1).  True and correct copies of Board Policy KK and Administrative Procedure KK-AP(1) are attached hereto as Exhibit No. 1 and Exhibit No. 2 and are incorporated by reference.

56.     Board Policy KK provides, in pertinent part, as follows:

a.      Board Policy KK prohibits registered sex offenders from entering or otherwise being present on the property and in the facilities of Defendant Kirkwood School District.

b.      Board Policy KK empowers the Superintendent or his designee to decide whether a person engaged in "disruptive, threatening or violent" conduct.

c.      Board Policy KK grants to the Superintendent or his designee the discretionary power to direct a person to leave school property where a person has been "disruptive, threatening or violent."

d.      Board Policy KK provides the Superintendent, after determining the factual basis for a ban, with the discretionary power to determine the length of the ban and whether the ban from school property or school events should be "indefinitely or for a specific period."

57.     Administrative Procedure KK-AP(1) provides, in pertinent part, as follows:

a.      Administrative Procedure KK-AP(1) provides specific examples of "inappropriate conduct" warranting the denial of entry to school property or school events.

b.      Administrative Procedure KK-AP(1) empowers the Superintendent or his

15

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

designee to decide whether a person had engaged in "inappropriate conduct."

c.    Administrative Procedure KK-AP(1) grants to the Superintendent or his designee the discretionary power, after determining the factual basis for a ban, with the discretionary power to deny a person future admission upon school property.

d.    Administrative Procedure KK-AP(1) provides a specific procedure for notifying an individual of the reasons for the denial of entry to school property or school events, the length of the prohibition or ban, and instructions for addressing the Board of Education relating to the prohibition or ban.

58.    Defendant David Ulrich as Superintendent and Defendant Howard Fields are administrative officers vested with certain ministerial duties in connection with imposition of a ban entry upon school property:

a.    Defendant David Ulrich as Superintendent and Defendant Howard Fields have a clearly established duty under Board Policy KK and Administrative Procedure KK-AP(1) to make a determination whether Plaintiff Randall Kriewall is a registered sex offender, has acted in a "disruptive, threatening or violent" manner, or has engaged in inappropriate conduct or behavior warranting his denial of entry upon school property and his ban from entry upon school property in the future.

b.    Defendant David Ulrich as Superintendent and Defendant Howard Fields have a clearly established duty under Administrative Procedure KK-AP(1) to provide Plaintiff Randall Kriewall with notice of the reasons for the denial of entry to school property or school events and the length of the ban.

59.    Defendant David Ulrich as Superintendent and Defendant Howard Fields have no discretionary power:

16

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

a. To impose a ban upon Randall Kriewall prohibiting entry upon school property or attendance at school events on grounds other than Plaintiff Randall Kriewall is a registered sex offender, has acted in a "disruptive, threatening or violent" manner, or has engaged in inappropriate conduct or behavior; or

b. To impose a ban upon Randall Kriewall prohibiting entry upon school property or attendance at school events without providing notice of the reasons for the denial of entry to school property or school events and the length of the ban and providing instructions for addressing the Board of Education relating to the prohibition or ban.

60. Defendant David Ulrich as Superintendent and Defendant Howard Fields have failed and refused to perform their clearly established ministerial duties under Board Policy KK and Administrative Procedure KK-AP(1) as follows:

a. Defendant David Ulrich as Superintendent and Defendant Howard Fields failed to make a determination whether Plaintiff Randall Kriewall is a registered sex offender, has acted in a "disruptive, threatening or violent" manner, or has engaged in inappropriate conduct or behavior warranting his denial of entry upon school property and his ban from entry upon school property in the future.

b. Defendant David Ulrich as Superintendent and Defendant Howard Fields failed to provide Plaintiff Randall Kriewall with notice of the reasons for the denial of entry to school property or school events and the length of the ban.

61. Plaintiff Randall Kriewall lacks an adequate remedy at law to compel Defendant David Ulrich as Superintendent and Defendant Howard Fields to perform their clearly established ministerial duties under Board Policy KK and Administrative Procedure KK-AP(1).

62. Plaintiff Randall Kriewall seeks a permanent seeks a writ of mandamus compelling

17

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

Defendants Kirkwood School District, David Ulrich and Howard Fields:

a.    To make a determination whether Plaintiff Randall Kriewall is a registered sex offender, has acted in a "disruptive, threatening or violent" manner, or has engaged in inappropriate conduct or behavior warranting his denial of entry upon school property and his ban from entry upon school property in the future; and

b.    To provide Plaintiff Randall Kriewall with notice of the reasons for the denial of entry to school property or school events and the length of the ban.

WHEREFORE, Plaintiff Randall Kriewall prays the Court to enter judgment in favor of Plaintiff Randall Kriewall and against Defendants Kirkwood School District, David Ulrich and Howard Fields, the issuance of a permanent writ of mandamus to compel Defendants Kirkwood School District, David Ulrich and Howard Fields to perform their duties imposed under Board Policy KK and Administrative Procedure KK-AP(1), for Plaintiff's attorneys fees and costs, and for such other and further relief as may be proper.

## COUNT III – DECLARATORY JUDGMENT
### (UNCONSTITUTIONAL ENFRINGEMENT OF RIGHT TO FREE SPEECH, EXPRESSION, MOVEMENT, ASSOCIATION AND ASSEMBLY)

COMES NOW, Plaintiff Randall Kriewall, by and through her counsel, and for Count III of Plaintiff's Petition against Defendant Kirkwood School District states as follows:

63.    Plaintiff Randall Kriewall realleges, reasserts and incorporates paragraphs 1 through 62 of Plaintiff's Petition as and for this paragraph 63 of Plaintiff's Petition.

64.    Defendant Kirkwood School District, pursuant to Board Policy KK and Administrative Procedure KK-AP(1), unilaterally imposed the Post-Employment Ban against Plaintiff Randall Kriewall that banned or otherwise prohibited Plaintiff Randall Kriewall from entering upon school property and/or taking photographs of Kirkwood students stating, in pertinent

18

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

part, that: "… you are not permitted to (1) be on district for any reason or (2) take photographs, videos, or other images of KSD students while they are participating in activities affiliated with KSD, at any time, whether or away from district premises."

65.    The Post-Employment Ban and Board Policy KK and Administrative Procedure KK-AP(1) violate Plaintiff Randall Kriewall's rights to free speech, expression, movement, assembly and association under Article I, Section 8 and Section 9 of the Missouri Constitution (1945) and the First Amendment to the United States Constitution.

66.    Plaintiff Randall Kriewall has a clearly established right to free speech and expression and right of assemblage and association as follows:

a.    Plaintiff Randall Kriewall is a retired schoolteacher of the Defendant Kirkwood School District who has an interest in the operation of the Kirkwood School District and in the success and well-being of current and former Kirkwood students and who has the right to petition the Defendant Kirkwood School District regarding grievances associated with the Post-Employment Ban;

b.    Plaintiff Randall Kriewall is a professional tutor who regularly tutors students in math and other subject, including current and former Kirkwood students, which provides support to Plaintiff Randall Kriewall; and

c.    Plaintiff Randall Kriewall is a professional photographer who regularly provides photography services to newspapers, seniors, athletes, school districts and others relating to senior photographs, sporting events, and graduation and other ceremonies, which events include events current and former Kirkwood students.

19

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

67.    In connection with the exercise of his rights to free speech and expression and freedoms of assembly and association, Plaintiff Randall Kriewall engaged in the following conduct:

a.    Plaintiff Randall Kriewall attended sporting events and graduation and other ceremonies sanctioned by Defendant Kirkwood School District ("District Sanctioned Events").

b.    The District Sanctioned Events were open to the general conduct, occurred on and off school property, and did not include any published or post restrictions on photography or other expressive conduct.

c.    Plaintiff Randall Kriewall attended the District Sanctioned Events with the specific intent of engaging in expressive activity related to the provision of photography services and/or of associating with current and former administrators, teachers, staff, parents and students to garner support for the rescission of the Post-Employment Ban and to address grievances associated with the Post-Employment Ban.

d.    With respect to photography services, Plaintiff Randall Kriewall  was employed to take photographs at a Webster Groves-Kirkwood football game, the football game was conducted on Webster Groves property, the taking of photographs was not restricted by any post or published rules, regulations or other restrictions imposed by the Webster Groves School District, the photographs were taken from and directed into public areas such as the playing field, sidelines and bench areas where there was no expectation of privacy, other visitors to the Webster Groves-Kirkwood football game were permitted to take photographs at, during and of the football game without any restrictions, and the photographs taken at the football game were submitted to

20

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

the Athletic Department of the Webster Groves School District and to newspapers and others for publication.

e.  With respect to attendance at sanctioned event on school property, Plaintiff Randall Kriewall was invited to attend the District Sanctioned Events by third-parties, the District Sanctioned Events were open to the general public, the District Sanctioned Events served as a meeting place and forum for assemblage and association between Plaintiff Randall Kriewall and current and former administrators, teachers, parents and students of the Kirkwood School District, the District Sanctioned Events served as a forum for the exchange of information and for the discussion of matters of public concern, and Plaintiff Randall Kriewall used the District Sanctioned Events to discover and learn more information regarding the basis of the Post-Employment Ban and to advocate and obtain support for the rescission of the Post-Employment Ban.

f.  With respect to the photographing of Kirkwood students and with respect to the entry upon Kirkwood school property for District Sanctioned Events, Plaintiff Randall Kriewall did not engage in any threatening, disruptive or violent behavior or any inappropriate behavior or conduct in violation of any published policy, rule or regulation of Defendant Kirkwood School District.

68.  In response to Plaintiff Randall Kriewall engaging in lawful and constitutionally protected activities, Defendant Kirkwood School District threatened Plaintiff Randall Kriewall with legal action, criminal prosecution for trespass, and additional post-employment sanctions.

69.  Plaintiff Randall Kriewall repeatedly demanded additional information regarding the basis for the Post-Employment Ban, made requests for the rescission of the Post-Employment Ban, and contacted current and former school board members, school board attorneys,

21

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

administrators, teachers, parents and students to obtain information regarding the basis of the Post-Employment Ban and to secure the rescission of the Post-Employment Ban.

70.    In response to Plaintiff Randall Kriewall engaging in lawful and constitutionally protected activities, Defendant Kirkwood School District retaliated against Plaintiff Randall Kriewall as follows:

a.    Refused to respond to informational requests and inquiries from Plaintiff Randall Kriewall;

b.    Refused to meet or confer with Plaintiff Randall Kriewall regarding the basis, terms, duration or rescission of the Post-Employment Ban;

c.    Rescinded or otherwise changes previously agreed upon changes to the Post-Employment Ban;

d.    Banned Plaintiff Randall Kriewall's attendance at school board meetings;

e.    Refused to provide Plaintiff Randall Kriewall with notice as to the basis for the Post-Employment Ban or with an opportunity to contest or challenge the basis for the Post-Employment Ban;

f.    Refused to provide Plaintiff Randall Kriewall with a hearing before the Board of Education of Defendant Kirkwood School District;

g.    Made the Post-Employment Ban permanent and not subject to any periodic or other review;

h.    Intentionally interfered with Plaintiff Randall Kriewall's employment with other school districts;

i.    Used employment verification and reference checks to falsely accuse Plaintiff Randall Kriewall of sexual misconduct;

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

j.      Intentionally and recklessly made false, defamatory and disparaging statements regarding Plaintiff Randall Kriewall that damaged his professional, restricted his employment opportunities, and falsely suggested that Plaintiff Kriewall was under investigation for sexual misconduct and was subject to prosecution for engaging in sexual misconduct, which statements were false and without any factual support; and

k.      Engaged in a scheme intended to conceal Defendant Kirkwood School District's unlawful conduct and to perpetuate the pattern and practice of unlawful retaliation directed towards Plaintiff Randall Kriewall.

71.     Plaintiff Randall Kriewall seeks a judicial declaration pursuant to §527.020 R.S.Mo. that Board Policy KK and Administrative Procedure KK-AP(1) are facially unconstitutional and that the Post-Employment Ban based on Board Policy KK and Administrative Procedure KK-AP(1) is invalid, void and unenforceable where Board Policy KK and Administrative Procedure KK-AP(1) are unconstitutional as applied to Plaintiff Randall Kriewall as follows:

a.      The Post-Employment Ban is unconstitutional where the ban on entry upon school property and prohibition on taking photographs violates Article I, Section 8 of the Missouri Constitution (1945) guaranteeing freedom of speech, Article I, Section 9 of the Missouri Constitution (1945) guaranteeing freedom to peaceably assemble and the right to petition government for the redress of grievances, and the First Amendment to the U.S. Constitution guaranteeing freedom of speech, freedom of assembly and freedom of association.

b.      Defendant Kirkwood School District has by official policy or practice invited the general public to enter upon school property for the purposes of attending District Sanctioned Events.

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

c. Defendant Kirkwood School District has permitted expressive conduct at District Sanctioned Events, including, but not limited to, cheering and clapping and taking photographs.

d. Defendant Kirkwood School District has permitted school property to be used as an important public forum for the purposes of assembly, communicating thoughts between citizens, and discussing public questions.

e. Board Policy KK and Administrative Procedure KK-AP(1) place reasonable use and content restrictions on the right to enter school property and to attend and participate in District Sanctioned Events based on threatening, disruptive or violent conduct that are rationally related to the goal to protect the public from threatening, disruptive or violent conduct that disrupts the academic process, endangers the public or students, or interferes with school operations and governance.

f. The Post-Employment Ban imposed against Plaintiff Randall Kriewall is inconsistent and conflicts with the reasonable use and content restrictions contained in Board Policy KK and Administrative Procedure KK-AP(1), is not substantially related to any compelling interest of Defendant Kirkwood School District, and is neither narrowly tailored nor the least restrictive means to address concerns relating to any alleged threatening, disruptive or violent speech and conduct by Plaintiff Randall Kriewall.

g. The Post-Employment Ban imposed by Defendant Kirkwood School District against Plaintiff Randall Kriewall infringes on Plaintiff Randall Kriewall's constitutional rights relating to freedom of speech and expression, freedom of movement, and freedom of assembly and association.

24

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

72.    There is a real, substantial and presently existing controversy between Plaintiff Randall Kriewall and Defendant Kirkwood School District where:

a.    Plaintiff Randall Kriewall maintains that Board Policy KK and Administrative Procedure KK-AP(1) are unconstitutional and that the Post-Employment Ban is invalid, void and unenforceable;

b.    Defendant Kirkwood maintains that Board Policy KK and Administrative Procedure KK-AP(1) are constitutional and that the Post-Employment Ban is valid and enforceable; and

c.    Defendant Kirkwood School District has threatened Plaintiff Randall Kriewall with legal action, criminal prosecution for trespass, and additional post-employment sanctions.

73.    Plaintiff Randall Kriewall has a significant property interest relating to his professional reputation and his ability to earn a living and a significant liberty associated with his freedom of movement, association and speech and has suffered and will continue to suffer damages relating to the deprivation of his constitutional rights, including, but not limited to, a loss of income, diminution in employment opportunities, and damage to his professional reputation if Board Policy KK and Administrative Procedure KK-AP(1) are not declared unconstitutional and that if the Post-Employment Ban is not declared to be invalid, void and unenforceable.

74.    The controversy is ripe for judicial determination where:

a.    Defendant Kirkwood School District initially described the Post-Employment Ban as being temporary pending the completion of the investigation and assessment by Encompass Resolution and issuance of the related report entitled "Independent Assessment and Investigation of Culture and Climate."

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

b.      Defendant Kirkwood School District made assurances that the Post-Employment Ban would be subject to meaningful review and that Plaintiff Randall Kriewall would be provided with a meaningful opportunity to secure the rescission or dissolution of the Post-Employment Ban.

c.      Defendant Kirkwood School District denied and continues to deny Plaintiff Randall Kriewall any meaningful review of the Post-Employment Ban or any meaningful opportunity to secure the rescission or dissolution of the Post-Employment Ban.

d.      Defendant Kirkwood School District has threatened to enforce the Post-Employment against Plaintiff Randall Kriewall through legal action, criminal prosecution for trespass, and additional post-employment sanctions.

e.      Defendant Kirkwood School District has used and continues to use the Post-Employment Ban to retaliate against Plaintiff Randall Kriewall for constitutionally protected conduct and to punish Plaintiff Randall Kriewall for alleged conduct that did not constitute a criminal offense, did not constitute child abuse or neglect, did not violate any then established policy, rule or regulation of Defendant Kirkwood School District, and did not require registration or placement on the Missouri Sex Offender Registry, Missouri Disqualification Registry, or the State Board of Education's Discipline of Certificates of License to Teach List.

75.     Plaintiff Randall Kriewall lacks an adequate remedy at law where:

a.      Defendant Kirkwood School District imposed the Post-Employment Ban without providing Plaintiff Randall Kriewall with the procedure protections of a contested case and without a mechanism for appeal or judicial review under §536.100 R.S.Mo.;

26

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

b.      Plaintiff Randall Kriewall has no remedy to challenge the constitutional validity of Board Policy KK and Administrative Procedure KK-AP(1) or the Post-Employment Ban;

c.      To obtain judicial review, Plaintiff Randall Kriewall would be required to intentionally violate the Post-Employment Ban, thereby subjecting himself to criminal penalties, including fines and imprisonment;

d.      The decision to initiate legal proceedings that could be used to secure judicial review of the Post-Employment Ban are left solely to Defendant Kirkwood School District's discretion to commence either a civil action or a criminal prosecution to enforce the Post-Employment Ban and, to date, Defendant Kirkwood School District has not initiated any civil action or criminal prosecution to enforce the Post-Employment Ban; and

e.      Defendant Kirkwood School District is continuing or on-going and Plaintiff Randal Kriewall would need to file multiple lawsuits against Defendant Kirkwood School District to address the continued enforcement or future enforcement of the Post-Employment Ban thereby wasting judicial resources and increasing the possibility of inconsistent judgments.

WHEREFORE, Plaintiff Randall Kriewall prays for judgment in favor of Plaintiff Randall Kriewall and against Defendant Kirkwood, for a judicial declaration that Board Policy KK and Administrative Procedure KK-AP(1) are unconstitutional and that the Post-Employment Ban is invalid, void and unenforceable, for Plaintiff's attorneys' fees and costs, and for such and for such other and further relief as may be proper.

27

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

## COUNT IV – DECLARATORY JUDGMENT
### (UNCONSTITUTIONAL DENIAL OF PROCEDUREAL DUE PROCESS, VOID FOR VAGUENESS, AND RETROACTIVE APPLICATION OF LAW)

COMES NOW, Plaintiff Randall Kriewall, by and through her counsel, and for Count IV of Plaintiff's Petition against Defendant Kirkwood School District states as follows:

76.    Plaintiff Randall Kriewall realleges, reasserts and incorporates paragraphs 1 through 75 of Plaintiff's Petition as and for this paragraph 76 of Plaintiff's Petition.

77.    Defendant Kirkwood School District, pursuant to Board Policy KK and Administrative Procedure KK-AP(1), unilaterally imposed the Post-Employment Ban against Plaintiff Randall Kriewall that banned or otherwise prohibited Plaintiff Randall Kriewall from entering upon school property and/or taking photographs of Kirkwood students stating, in pertinent part, that: "… you are not permitted to (1) be on district for any reason or (2) take photographs, videos, or other images of KSD students while they are participating in activities affiliated with KSD, at any time, whether or away from district premises."

78.    The Post-Employment Ban and Board Policy KK and Administrative Procedure KK-AP(1) violate Plaintiff Randall Kriewall's right to procedural due process, are void for vagueness, and constitute an *ex post facto* law or other law providing retroactive punishment for otherwise lawful conduct in violation of Article I, Section 8 of the Missouri Constitution (1945), Article I, Section 13 of the Missouri Constitution (1945) and the Fifth and Fourth Amendments to the United States Constitution.

79.    Plaintiff Randall Kriewall has liberty interest and/or property interest in his continued employment and professional reputation as follows:

a.    Plaintiff Randall Kriewall is a retired schoolteacher of the Defendant Kirkwood School District who has an interest in his professional reputation and in his continued

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

employment as a substitute teacher with Defendant Kirkwood School District and other public school districts;

b.    Plaintiff Randall Kriewall is a professional tutor who regularly tutors students in math and other subject, including current and former Kirkwood students, which provides support to Plaintiff Randall Kriewall; and

c.    Plaintiff Randall Kriewall is a professional photographer who regularly provides photography services to newspapers, seniors, athletes, school districts and others relating to senior photographs, sporting events, and graduation and other ceremonies, which events include events current and former Kirkwood students.

80.    The Post-Employment Ban and Board Policy KK and Administrative Procedure KK-AP(1) are vague, ambiguous and overbroad where:

a.    There is and was no description as to what conduct was prohibited.

b.    Because there was no description as to what conduct was prohibited, Plaintiff Randall Kriewall could not conform his conduct to meet the standards associated with the prohibited conduct.

81.    The Post-Employment Ban and Board Policy KK and Administrative Procedure KK-AP(1) were enforced by Defendant Kirkwood School District in an arbitrary and capricious manner where:

a.    The standards relating to the prohibited conduct were vague and ambiguous.

b.    Because of the lack of standards were vague and ambiguous, Plaintiff Randall Kriewall was subject to arbitrary and capricious enforcement of the policies without any clear standards and at the whim of Defendant Kirkwood School District.

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

82. The Post-Employment Ban and Board Policy KK and Administrative Procedure KK-AP(1) seeks to retroactively punish Plaintiff Randall Kriewall for conduct that was not previously prohibited.

83. The Post-Employment Ban and Board Policy KK and Administrative Procedure KK-AP(1) denied Plaintiff Randall Kriewall due process where:

a. Plaintiff Randall Kriewall was denied notice of the alleged charges of misconduct.

b. Plaintiff Randall Kriewall was denied a hearing or opportunity to be heard and to contest the alleged charges of misconduct.

c. Plaintiff Randall Kriewall was denied the ability to have a determination restoring his liberty and property interest before an unbiased tribunal.

d. Plaintiff Randall Kriewall was denied procedural protections to ensure a fair hearing by an unbiased tribunal.

84. In response to Plaintiff Randall Kriewall engaging in lawful and constitutionally protected activities, Defendant Kirkwood School District retaliated against Plaintiff Randall Kriewall as follows:

a. Refused to respond to informational requests and inquiries from Plaintiff Randall Kriewall;

b. Refused to meet or confer with Plaintiff Randall Kriewall regarding the basis, terms, duration or rescission of the Post-Employment Ban;

c. Rescinded or otherwise changes previously agreed upon changes to the Post-Employment Ban;

d. Banned Plaintiff Randall Kriewall's attendance at school board meetings;

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

e.      Refused to provide Plaintiff Randall Kriewall with notice as to the basis for the Post-Employment Ban or with an opportunity to contest or challenge the basis for the Post-Employment Ban;

f.      Refused to provide Plaintiff Randall Kriewall with a hearing before the Board of Education of Defendant Kirkwood School District;

g.      Made the Post-Employment Ban permanent and not subject to any periodic or other review;

h.      Intentionally interfered with Plaintiff Randall Kriewall's employment with other school districts;

i.      Used employment verification and reference checks to falsely accuse Plaintiff Randall Kriewall of sexual misconduct;

j.      Intentionally and recklessly made false, defamatory and disparaging statements regarding Plaintiff Randall Kriewall that damaged his professional, restricted his employment opportunities, and falsely suggested that Plaintiff Kriewall was under investigation for sexual misconduct and was subject to prosecution for engaging in sexual misconduct, which statements were false and without any factual support; and

k.      Engaged in a scheme intended to conceal Defendant Kirkwood School District's unlawful conduct and to perpetuate the pattern and practice of unlawful retaliation directed towards Plaintiff Randall Kriewall.

85.      Plaintiff Randall Kriewall seeks a judicial declaration pursuant to §527.020 R.S.Mo. that Board Policy KK and Administrative Procedure KK-AP(1) are facially unconstitutional and that the Post-Employment Ban based on Board Policy KK and Administrative Procedure KK-AP(1) is invalid, void and unenforceable where Board Policy KK and

31

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

Administrative Procedure KK-AP(1) are unconstitutional as applied to Plaintiff Randall Kriewall as follows:

a.      The Post-Employment Ban and Board Policy KK and Administrative Procedure KK-AP(1) violate Article I, Section 10 of the Missouri Constitution (1945) guaranteeing due process of law and Article I, Section 13 of the Missouri Constitution (1945) prohibiting the retrospective application of the law.

b.      Defendant Kirkwood School District has by official policy or practice seeks to punish Plaintiff Randall Kriewall for unspecified lawful conduct based on unknown and unspecified evidence without any ability to contest the determination that his conduct violated any policy of Defendant Kirkwood School District.

86.      There is a real, substantial and presently existing controversy between Plaintiff Randall Kriewall and Defendant Kirkwood School District where:

a.      Plaintiff Randall Kriewall maintains that Board Policy KK and Administrative Procedure KK-AP(1) are unconstitutional and that the Post-Employment Ban is invalid, void and unenforceable;

b.      Defendant Kirkwood maintains that Board Policy KK and Administrative Procedure KK-AP(1) are constitutional and that the Post-Employment Ban is valid and enforceable; and

c.      Defendant Kirkwood School District has threatened Plaintiff Randall Kriewall with legal action, criminal prosecution for trespass, and additional post-employment sanctions.

87.      Plaintiff Randall Kriewall has a significant property interest relating to his professional reputation and his ability to earn a living and a significant liberty associated with his

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

freedom of movement, association and speech and has suffered and will continue to suffer damages relating to the deprivation of his constitutional rights, including, but not limited to, a loss of income, diminution in employment opportunities, and damage to his professional reputation if Board Policy KK and Administrative Procedure KK-AP(1) are not declared unconstitutional and that if the Post-Employment Ban is not declared to be invalid, void and unenforceable.

88.    The controversy is ripe for judicial determination where:

a.    Defendant Kirkwood School District initially described the Post-Employment Ban as being temporary pending the completion of the investigation and assessment by Encompass Resolution and issuance of the related report entitled "Independent Assessment and Investigation of Culture and Climate."

b.    Defendant Kirkwood School District made assurances that the Post-Employment Ban would be subject to meaningful review and that Plaintiff Randall Kriewall would be provided with a meaningful opportunity to secure the rescission or dissolution of the Post-Employment Ban.

c.    Defendant Kirkwood School District denied and continues to deny Plaintiff Randall Kriewall any meaningful review of the Post-Employment Ban or any meaningful opportunity to secure the rescission or dissolution of the Post-Employment Ban.

d.    Defendant Kirkwood School District has threatened to enforce the Post-Employment against Plaintiff Randall Kriewall through legal action, criminal prosecution for trespass, and additional post-employment sanctions.

e.    Defendant Kirkwood School District has used and continues to use the Post-Employment Ban to retaliate against Plaintiff Randall Kriewall for constitutionally protected conduct and to punish Plaintiff Randall Kriewall for alleged conduct that did not constitute a

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

criminal offense, did not constitute child abuse or neglect, did not violate any then established policy, rule or regulation of Defendant Kirkwood School District, and did not require registration or placement on the Missouri Sex Offender Registry, Missouri Disqualification Registry, or the State Board of Education's Discipline of Certificates of License to Teach List.

89.     Plaintiff Randall Kriewall lacks an adequate remedy at law where:

a.      Defendant Kirkwood School District imposed the Post-Employment Ban without providing Plaintiff Randall Kriewall with the procedure protections of a contested case and without a mechanism for appeal or judicial review under §536.100 R.S.Mo.;

b.      Plaintiff Randall Kriewall has no remedy to challenge the constitutional validity of Board Policy KK and Administrative Procedure KK-AP(1) or the Post-Employment Ban;

c.      To obtain judicial review, Plaintiff Randall Kriewall would be required to intentionally violate the Post-Employment Ban, thereby subjecting himself to criminal penalties, including fines and imprisonment;

d.      The decision to initiate legal proceedings that could be used to secure judicial review of the Post-Employment Ban are left solely to Defendant Kirkwood School District's discretion to commence either a civil action or a criminal prosecution to enforce the Post-Employment Ban and, to date, Defendant Kirkwood School District has not initiated any civil action or criminal prosecution to enforce the Post-Employment Ban; and

e.      Defendant Kirkwood School District is continuing or on-going and Plaintiff Randal Kriewall would need to file multiple lawsuits against Defendant Kirkwood School District to address the continued enforcement or future enforcement of the Post-Employment Ban thereby wasting judicial resources and increasing the possibility of inconsistent judgments.

34

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

WHEREFORE, Plaintiff Randall Kriewall prays for judgment in favor of Plaintiff Randall Kriewall and against Defendant Kirkwood, for a judicial declaration that Board Policy KK and Administrative Procedure KK-AP(1) are unconstitutional and that the Post-Employment Ban is invalid, void and unenforceable, for Plaintiff's attorneys' fees and costs, and for such and for such other and further relief as may be proper.

### COUNT V – VIOLATION OF §290.152 R.S.MO.
### (EMPLOYMENT REFERENCES)

COMES NOW, Plaintiff Randall Kriewall, by and through her counsel, and for Count V of Plaintiff's Petition against Defendant Kirkwood School District states as follows:

90.    Plaintiff Randall Kriewall realleges, reasserts and incorporates paragraphs 1 through 89 of Plaintiff's Petition as and for this paragraph 90 of Plaintiff's Petition.

91.    Plaintiff Randall Kriewall sought prospective employment from the Ladue School District and the Fort Zumwalt District.

92.    Plaintiff Randall Kriewall was conditionally offered employment with the Ladue School District and Fort Zumwalt School District conditioned upon verification of his prior employment with Defendant Kirkwood School District.

93.    In response to inquiries from the Ladue School District and the Fort Zumwalt School District, Defendant Kirkwood School District disclosed certain information and made false and defamatory statements regarding Plaintiff Randall Kriewall in violation of §290.152 R.S.Mo. as follows:

a.    Defendant Kirkwood School District made oral statements.

b.    Defendant Kirkwood School District failed and refused to respond in writing as mandated by §290.152.3 R.S.Mo.

c.    Defendant Kirkwood School District made false statements.

35

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

d.      Defendant Kirkwood School District failed and refused to disclose the nature and character of the service provided by Plaintiff Randall Kriewall as required by §290.152.2 R.S.Mo.

e.      Defendant Kirkwood School District failed and refused to "truly state" for what cause Plaintiff Randall Kriewall left his employment with Defendant Kirkwood School District as required by §290.152.2 R.S.Mo.

f.      Based on information and belief, Defendant Kirkwood School District responded to these inquiries relating to Plaintiff Randall Kriewall in writing.

g.      Defendant Kirkwood School District failed and refused to send copies of the written correspondence to the Ladue School District and Fort Zumwalt School District as required by §290.152.3 R.S.Mo.

94.     As a direct and proximate result of the violation of §290.152 R.S.Mo. by Defendant Kirkwood School District, Plaintiff Randall Kriewall suffered actual damages in excess of $25,000.00 as follows:

a.      Lost wages and income;

b.      Damage to professional reputation; and

c.      Attorney's fees.

WHEREFORE, Plaintiff Randall Kriewall prays for judgment in favor of Plaintiff Randall Kriewall and against Defendant Kirkwood, for actual damages, for pre-judgment and post-judgment interest thereon, for Plaintiff's attorney's fees and costs incurred herein, and for such other and further relief as may be proper.

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

## COUNT VI – TORTIOUS INTERFERENCE

COMES NOW, Plaintiff Randall Kriewall, by and through her counsel, and for Count VI of Plaintiff's Petition against Defendants Kirkwood School District, David Ulrich and Howard Fields states as follows:

95. Plaintiff Randall Kriewall realleges, reasserts and incorporates paragraphs 1 through 94 of Plaintiff's Petition as and for this paragraph 95 of Plaintiff's Petition.

96. Plaintiff Randall Kriewall had a contract or business relationship with the Webster School District and an expectation of employment with the Ladue School District and the Fort Zumwalt School District.

97. Defendants Kirkwood School District, David Ulrich and Howard Fields had knowledge of Plaintiff Randall Kriewall's contract or business relationship with the Webster School District and expectation of employment with the Ladue School District and the Fort Zumwalt School District.

98. Defendants Kirkwood School District, David Ulrich and Howard Fields intentionally interfered with Plaintiff Randall Kriewall's contract or business relationship with the Webster School District and expectation of employment with the Ladue School District and the Fort Zumwalt School District by prohibiting Plaintiff Randall Kriewall from photograph students and athletes from the Kirkwood School District, by making demands that the Webster School District terminate its relationship with Plaintiff Randall Kriewall, and by making false and defamatory statements relating to Plaintiff Randall Kriewall and his fitness to teach students.

99. As a direct and proximate result of such interference, Plaintiff Randal Kriewell was terminated by Webster School District and denied employment by the Ladue School District and Fort Zumwalt School District and sustained damages in excess of $25,000.00 as follows:

Electronically Filed - St Louis County - May 14, 2025 - 12:28 PM

      a.      Lost wages and income;

      b.      Damage to professional reputation; and

      c.      Attorney's fees.

WHEREFORE, Plaintiff Randall Kriewall prays for judgment in favor of Plaintiff Randall Kriewall and against Defendant Kirkwood, for actual damages, for pre-judgment and post-judgment interest thereon, for Plaintiff's attorney's fees and costs incurred herein, and for such other and further relief as may be proper.

Respectfully Submitted,

**LAW OFFICES OF JOAN M. SWARTZ**

*/s/ Joan M. Swartz*

Joan M. Swartz, #37242
Brendan R. McDonough, #75246
3348 Greenwood Blvd.
Maplewood, MO 63143
(314) 471-2032 Telephone
(314) 485-2345 Facsimile
jms@jmsllc.com
bmcdonough@jmsllc.com

**SHAUGHNESSY LAW FIRM, LLC**

*/s/ Ryan S. Shaughnessy*
Ryan S. Shaughnessy, #39922
100 N. Kingshighway Blvd., Suite 2310
Saint Louis, MO 63108
(314) 971-4381 Telephone
rss@slfadvisors.com

***Attorneys for Plaintiff Randall Kriewall***

Electronically Filed - ST LOUIS COUNTY - May 19, 2025 - 01:24 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

_Randall Kriewall_
Plaintiff/Petitioner

vs.

_Kirkwood School District, et al._
Defendant/Respondent

May 19, 2025
Date

25SL-CC05302
Case Number

_____
Division

┌                                          ┐
                    For File Stamp Only


└                                          ┘

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now ___Plaintiff Randall Kriewall_____, pursuant
                              Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
William Stage                   P.O. Box 4932, St. Louis, MO 63108          (314) 420-2226
Name of Process Server                Address                                    Telephone

_____
Name of Process Server          Address or in the Alternative               Telephone

_____
Name of Process Server          Address or in the Alternative               Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
_Dr. David Ulrich_____
Name
_1099 Milwaukee Street_____
Address
_Kirkwood, MO 63122_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk


By ___/s/ Dakota Vassalli_____
    Deputy Clerk
            05/20/2025
_____
Date

/s/ Brendan R. McDonough
_____
Signature of Attorney/Plaintiff/Petitioner
_75246_____
Bar No.
_3348 Greenwood Blvd., Maplewood MO 63143_
Address
_(314) 471-2032_____
Phone No.                        Fax No.

CCADM62-WS    Rev. 07/22

Electronically Filed - ST LOUIS COUNTY - May 19, 2025 - 01:24 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 07/22

Electronically Filed - ST LOUIS COUNTY - May 19, 2025 - 01:24 PM

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

 Randall Kriewall
Plaintiff/Petitioner

vs.

 Kirkwood School District, et al.
Defendant/Respondent

 May 19, 2025
Date

 25SL-CC05302
Case Number

_____
Division

⌐                                                     ¬
                          For File Stamp Only

L                                                     ⌐

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now    Plaintiff Randall Kriewall                                                  , pursuant
                          Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
William Stage                  P.O. Box 4932, St. Louis, MO 63108              (314) 420-2226
Name of Process Server                    Address                                          Telephone

_____
Name of Process Server                Address or in the Alternative                      Telephone

_____
Name of Process Server                Address or in the Alternative                      Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
 Howard Fields
Name
 1099 Milwaukee Street
Address
 Kirkwood, MO 63122
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk


By _____ /s/ Dakota Vassalli _____
      Deputy Clerk

              05/20/2025
_____
Date

 /s/ Brendan R. McDonough
_____
Signature of Attorney/Plaintiff/Petitioner
 75246
_____
Bar No.
 3348 Greenwood Blvd., Maplewood MO 63143
Address
 (314) 471-2032
_____
Phone No.                                    Fax No.

CCADM62-WS    Rev. 07/22

Electronically Filed - ST LOUIS COUNTY - May 19, 2025 - 01:24 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS     Rev. 07/22

Electronically Filed - ST LOUIS COUNTY - May 19, 2025 - 01:24 PM

**In the**

# CIRCUIT COURT
## Of St. Louis County, Missouri

__Randall Kriewall__
Plaintiff/Petitioner

vs.

__Kirkwood School District, et al.__
Defendant/Respondent

__May 19, 2025__
Date

__25SL-CC05302__
Case Number

_____
Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Plaintiff Randall Kriewall_____, pursuant
               Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of
__William Stage_____ P.O. Box 4932, St. Louis, MO 63108_____ (314) 420-2226
Name of Process Server          Address                     Telephone

_____
Name of Process Server          Address or in the Alternative         Telephone

_____
Name of Process Server          Address or in the Alternative         Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties. This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
__Kirkwood School District, c/o Dr.David Ulrich, Superintendant__
Name
__1099 Milwaukee Street_____
Address
__Kirkwood, MO 63122_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:
**JOAN M. GILMER,** Circuit Clerk

By ____/s/ Dakota Vassalli_____
    Deputy Clerk

         05/20/2025
Date

__/s/ Brendan R. McDonough_____
Signature of Attorney/Plaintiff/Petitioner
__75246_____
Bar No.
__3348 Greenwood Blvd, Maplewood MO 63143__
Address
__(314) 471-2032_____
Phone No.                  Fax No.

CCADM62-WS   Rev. 07/22

Electronically Filed - ST LOUIS COUNTY - May 19, 2025 - 01:24 PM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)   Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)   The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)   Appointments may list more than one server as alternates.

(B)   The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)   Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)   No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)   Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, https://stlcountycourts.com/forms/associate-civil/request-process-server/

(F)   This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 07/22

JOAN M. GILMER
CIRCUIT CLERK
ST. LOUIS COUNTY CIRCUIT COURT
105 SOUTH CENTRAL AVENUE
CLAYTON, MISSOURI  63105

# IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

CASE NUMBER: 25SL-CC05302                    COURT DATE:
PLAINTIFF: RANDALL KRIEWALL                   COURT TIME:
DEFENDANT: KIRKWOOD SCHOOL DISTRICT

                                             DIVISION:

DATE OF DISMISSAL NOTICE: 19-MAY-2025

## DISMISSAL NOTICE

Your petition/pleading(s) have been accepted but no summons or notice can be issued based on the pleadings filed by the party initiating the above referenced case.  Corrective pleadings are necessary.  The Court cannot proceed further at this time.  Please file corrective pleadings as follows:

NOTICE OF DISMISSAL SENT DUE TO MISSING $108 SHERIFF'S SERVICE FEES ($36 PER DFT) OR A SPECIAL PROCESS SERVER FORM. E-FILE A MEMO WITH THE REMAINING $108 FEES OR A SPECIAL PROCESS SERVER FORM SO THE SUMMONS CAN BE ISSUED. FOR FUTURE REFERENCE, THE SHERIFFS FEES OR SPS FORM MUST BE FILED ALONG WITH THE ORIGINAL FILING. IF USING A SPECIAL PROCESS SERVER, Per Local Rule 28 (E), you must submit the "Request for Appointment of Process Server" form, which can be found on the St. Louis County Court's Web Site. ONCE THE FEES OR SPS FORM IS E-FILED, CONTACT THE CLERK AT 314-615-8470.

The party initiating this case must file pleadings that correct these insufficiencies within seven (7) business days of the date this *Dismissal Notice* is issued or this case will be dismissed for failure to prosecute with costs assessed to initiating party in accordance with Rule 77.01.  No extensions will be permitted unless otherwise ordered by the Court.

**Please return this memo with the corrected or new pleading.**

For additional information regarding this matter you may contact: ADAM at: (314) 615-8470.

JOAN GILMER, CIRCUIT CLERK



Electronically Filed - ST LOUIS COUNTY - May 20, 2025 - 10:09 AM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| RANDALL KRIEWALL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.  25SL-CC05302 |
| | ) | |
| v. | ) | |
| | ) | Div. |
| KIRKWOOD SCHOOL DISTRICT, | ) | |
| DR. DAVID ULRICH and | ) | |
| HOWARD FIELDS | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY OF APPEARANCE**

COMES NOW Joan M. Swartz of the Law Offices of Joan M. Swartz, LLC and hereby

enters her appearance as counsel for Plaintiff Randall Kriewall, in the above-captioned matter.

Respectfully submitted,

**LAW OFFICES OF JOAN M. SWARTZ**

_/s/ Joan M. Swartz_ _____
Joan M. Swartz, #37242
3348 Greenwood Blvd.
Maplewood, MO 63143
(314) 471-2032 Telephone
(314) 485-2345 Facsimile
jms@jmsllc.com

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was electronically filed and served on all
counsel of record via the Court's electronic filing system on this 20th day of  May, 2025

_/s/ Joan M. Swartz_ _____



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number:  25SL-CC05302 | |
|---|---|---|
| Plaintiff/Petitioner:<br>RANDALL KRIEWALL<br><br><div align="right">vs.</div> | Plaintiff's/Petitioner's Attorney/Address<br>BRENDAN ROBERT MCDONOUGH<br>39 WISTAR WAY<br>OFALLON, MO  63366 | |
| Defendant/Respondent:<br> KIRKWOOD SCHOOL DISTRICT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Tort | | |

**The State of Missouri to:**    **KIRKWOOD SCHOOL DISTRICT**
                                  **Alias:**

**1099 MILWAUKEE STREET**
**KIRKWOOD, MO  63122**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

*COURT SEAL OF*



*ST. LOUIS COUNTY*

<table>
<tr><td>20-MAY-2025<br>Date</td><td>/S/DAKOTA VASSALLI<br>Clerk</td></tr>
</table>

**Further Information:**
DV

<div align="right">Case Number: 25SL-CC05302</div>

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address) in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Officer or Server                Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*          My commission expires: _____ _____
                                                Date                    Notary Public

**Service Fees (if applicable)**

Summons                        $_____
Non Est                        $_____
Sheriff's Deputy Salary
Supplemental Surcharge     $_____10.00_____
Mileage                        $_____ (_____ miles @ $._____ per mile)
**Total**                        $_____

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**<u>Purpose of Notice</u>**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.   Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**<u>Your Rights and Obligations in Court Are Not Affected By This Notice</u>**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**<u>Alternative Dispute Resolution Procedures</u>**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.   Some of the recognized alternative dispute resolutions procedures are:

**(1) <u>Advisory Arbitration:</u>** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act.
Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at
SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least
three business days in advance of the court proceeding.



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number: 25SL-CC05302 | |
|---|---|---|
| Plaintiff/Petitioner:<br>RANDALL KRIEWALL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRENDAN ROBERT MCDONOUGH<br>39 WISTAR WAY<br>OFALLON, MO  63366 | |
| Defendant/Respondent:<br> KIRKWOOD SCHOOL DISTRICT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Tort | | |

**The State of Missouri to:    DAVID ULRICH**
**Alias:**

**1099 MILWAUKEE STREET**
**KIRKWOOD, MO  63122**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

| 20-MAY-2025 | /S/DAKOTA VASSALLI |
|---|---|
| Date | Clerk |

**Further Information:**
DV

Case Number: 25SL-CC05302

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the

defendant/respondent with _____, a person at least 18 years of

age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐ other: _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date)

at _____ (time).

_____        _____
           Printed Name of Officer or Server                        Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*        My commission expires: _____ _____
                                                           Date                          Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case.   However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.   Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.  Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.   Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.



# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number: 25SL-CC05302 | |
|---|---|---|
| Plaintiff/Petitioner:<br>RANDALL KRIEWALL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRENDAN ROBERT MCDONOUGH<br>39 WISTAR WAY<br>OFALLON, MO 63366 | |
| Defendant/Respondent:<br>KIRKWOOD SCHOOL DISTRICT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File Stamp for Return) |
| Nature of Suit:<br>CC Other Tort | | |

**The State of Missouri to:**    HOWARD FIELDS
    **Alias:**

**1099 MILWAUKEE STREET**
**KIRKWOOD, MO 63122**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

|  20-MAY-2025  |  /S/DAKOTA VASSALLI  |
|---|---|
| Date | Clerk |

**Further Information:**
DV

Case Number: 25SL-CC05302

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐  delivering a copy of the summons and petition to the defendant/respondent.

☐  leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐  (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☐  other: _____.

Served at _____ (address) in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
Printed Name of Officer or Server                                Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

*(Seal)*          My commission expires: _____ _____

                                                    Date                            Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - May 21, 2025 - 02:56 PM

AFFIDAVIT OF SERVICE

Comes now William L. Stage Jr., Special Process Server, and being duly sworn upon his oath states that I am over 18 years old and a non-party to the herein action. I further state that:

**In Re: Case No. / Cause No.**  25SL-CC05302   Missouri Circuit Court – St. Louis County
Randall Kriewall               v         Kirkwood School District

On Tuesday the 20th day of May, 2025 at 1:05 pm

**I did serve** a  Summons with Petition

**Directed to**  Howard Fields, Assistant Superintendant Human Resources

**At the location of:**  Kirkwood School District
                      1099 Milwaukee Street
                      Kirkwood, Missouri 63122

**by the following means**: Personal Service / Hand Delivery to Laura Heidenreich, Administrative Assistant – Custodian of Records on behalf of Howard Fields

**All done** in St. Louis County, Missouri


William L. Stage Jr.
Special Process Server No. 197 - Missouri Circuit Court, 22nd Judicial Circuit
P.O. Box 4932         St. Louis, MO 63108         314.420.2226



Subscribed and sworn to [or affirmed] before me this 21st day of May          , 2025


Notary Public

My commission expires

MARY E. GARDNER-STAGE
Notary Public - Notary Seal
St Louis County - State of Missouri
Commission Number 15993117
My Commission Expires Jan 25, 2027

Electronically Filed - ST LOUIS COUNTY - May 21, 2025 - 02:56 PM



# Summons in Civil Case

## IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number: 25SL-CC05302 | |
|---|---|---|
| Plaintiff/Petitioner:<br>RANDALL KRIEWALL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRENDAN ROBERT MCDONOUGH<br>39 WISTAR WAY<br>OFALLON, MO 63366 | |
| Defendant/Respondent:<br>KIRKWOOD SCHOOL DISTRICT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Other Tort | | |

**The State of Missouri to:**   **HOWARD FIELDS**
                              **Alias:**

**1099 MILWAUKEE STREET**
**KIRKWOOD, MO 63122**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

20-MAY-2025
Date

/S/DAKOTA VASSALLI
Clerk

**Further Information:**
DV

Electronically Filed - ST LOUIS COUNTY - May 21, 2025 - 02:56 PM

Case Number: 25SL-CC05302

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☑ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☑ other: _LAURA HEIDENREICH, ADMIN, ACCEPTED_.

Served at _1099 MILWAUKEE KIRWOOD MO 63122_ (address)

in _ST. LOUIS_ (County/City of St. Louis), MO, on _5-20-25_ (date)

at _1:05 pm_ (time).

WM. L. STAGE JR.
SPECIAL PROCESS SERVER

_____
Printed Name of Officer or Server

_Wm Stage Jr_

_____
Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

_(Seal)_

My commission expires: _____    _____

Date                    Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $___10.00___ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - ST LOUIS COUNTY - May 21, 2025 - 02:56 PM

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

Electronically Filed - ST LOUIS COUNTY - May 21, 2025 - 02:56 PM

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

Electronically Filed - ST LOUIS COUNTY - May 21, 2025 - 02:56 PM



**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - May 21, 2025 - 02:56 PM

AFFIDAVIT OF SERVICE

Comes now William L. Stage Jr., Special Process Server, and being duly sworn upon his oath states that I am over 18 years old and a non-party to the herein action. I further state that:

**In Re: Case No. / Cause No.** 25SL-CC05302   Missouri Circuit Court – St. Louis County
Randall Kriewall              v         Kirkwood School District

On Tuesday the 20th day of May, 2025 at 1:05 pm

**I did serve** a  Summons with Petition

**Directed to**  Kirkwood School District

**At the location of:**  1099 Milwaukee Street
                         Kirkwood, Missouri 63122

**by the following means**: Personal Service / Hand Delivery to Laura Heidenreich, Administrative Assistant – Custodian of Records

**All done** in St. Louis County, Missouri


William L. Stage Jr.
Special Process Server No. 197 - Missouri Circuit Court, 22nd Judicial Circuit
P.O. Box 4932         St. Louis, MO 63108         314.420.2226


Subscribed and sworn to [or affirmed] before me this 21st day of May , 2025


Notary Public

My commission expires _____

MARY E. GARDNER-STAGE
Notary Public - Notary Seal
St Louis County - State of Missouri
Commission Number 15993117
My Commission Expires Jan 25, 2027

Electronically Filed - ST LOUIS COUNTY - May 21, 2025 - 02:56 PM



# Summons in Civil Case

## IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>DAVID L VINCENT III | Case Number: 25SL-CC05302 |
| Plaintiff/Petitioner:<br>RANDALL KRIEWALL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRENDAN ROBERT MCDONOUGH<br>39 WISTAR WAY<br>OFALLON, MO 63366 |
| Defendant/Respondent:<br>KIRKWOOD SCHOOL DISTRICT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp for Return) |

The State of Missouri to:   **KIRKWOOD SCHOOL DISTRICT**
                            **Alias:**

**1099 MILWAUKEE STREET**
**KIRKWOOD, MO 63122**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

| | |
|---|---|
| 20-MAY-2025 | /S/DAKOTA VASSALLI |
| Date | Clerk |

**Further Information:**
DV

Electronically Filed - ST LOUIS COUNTY - May 21, 2025 - 02:56 PM

Case Number: 25SL-CC05302

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to:
_LAURA HEIDENREICH_ (name) _ADMIN ASST_ (title).
_CUSTODIAN OF RECORDS_.

☐ other: _____.

Served at _1099 MILWAUKEE KIRKWOOD MO 63122_ (address) in _ST. LOUIS_ (County/~~City of St. Louis~~), MO, on _5-20-25_ (date) at _1:05 pm_ (time).

WM. L. STAGE JR.
SPECIAL PROCESS SERVER
_____
Printed Name of Officer or Server

_Wm Stage Pr._
_____
Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on _____ (date).

_(Seal)_

My commission expires: _____ _____
                              Date           Notary Public

**Service Fees (if applicable)**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary Supplemental Surcharge | $___10.00___ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | $_____ |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - ST LOUIS COUNTY - May 21, 2025 - 02:56 PM

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 Or 800-735-2966, at least three business days in advance of the court proceeding.

Electronically Filed - ST LOUIS COUNTY - May 21, 2025 - 02:56 PM

AFFIDAVIT OF SERVICE

Comes now William L. Stage Jr., Special Process Server, and being duly sworn upon his oath states that I am over 18 years old and a non-party to the herein action. I further state that:

**In Re: Case No. / Cause No.** 25SL-CC05302   Missouri Circuit Court – St. Louis County
Randall Kriewall            v        Kirkwood School District

On Tuesday the 20th day of May, 2025 at 1:05 pm

**I did serve** a  Summons with Petition

**Directed to**  David Ulrich, Superintendant of Schools

**At the location of:**  Kirkwood School District
1099 Milwaukee Street
Kirkwood, Missouri 63122

**by the following means**: Personal Service / Hand Delivery to Laura Heidenreich, Administrative Assistant – Custodian of Records on behalf of David Ulrich

**All done** in St. Louis County, Missouri

William L. Stage Jr.
Special Process Server No. 197 - Missouri Circuit Court, 22nd Judicial Circuit
P.O. Box 4932        St. Louis, MO 63108        314.420.2226

Subscribed and sworn to [or affirmed] before me this 21st day of May , 2025

Notary Public

MARY E. GARDNER-STAGE
Notary Public - Notary Seal
St Louis County - State of Missouri
Commission Number 15993117
My Commission Expires Jan 25, 2027

My commission expires _____

Electronically Filed - ST LOUIS COUNTY - May 21, 2025 - 02:56 PM

Electronically Filed - ST LOUIS COUNTY - May 21, 2025 - 02:56 PM



# Summons in Civil Case

## IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number: 25SL-CC05302 | |
|---|---|---|
| Plaintiff/Petitioner:<br>RANDALL KRIEWALL<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>BRENDAN ROBERT MCDONOUGH<br>39 WISTAR WAY<br>OFALLON, MO 63366 | |
| Defendant/Respondent:<br>KIRKWOOD SCHOOL DISTRICT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | (Date File<br>Stamp for<br>Return) |
| Nature of Suit:<br>CC Other Tort | | |

**The State of Missouri to:    DAVID ULRICH**
                                **Alias:**

**1099 MILWAUKEE STREET**
**KIRKWOOD, MO 63122**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

**COURT SEAL OF**



**ST. LOUIS COUNTY**

| 20-MAY-2025 | /S/DAKOTA VASSALLI |
|---|---|
| Date | Clerk |

**Further Information:**
DV

Electronically Filed - ST LOUIS COUNTY - May 21, 2025 - 02:56 PM

Case Number: 25SL-CC05302

## Officer's or Server's Return

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☑ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

_____ (name) _____ (title).

☑ other: _LAURA HEIDENREICH, ADMIN, ACCEPTED_ _KIRKWOOD MO_

Served at _1099 MILWAUKEE_ _63122_ (address)

in _ST LOUIS_ (County/City of St. Louis), MO, on _5-20-25_ (date)

at _1:05 pm_ (time).

| WM. L. STAGE JR.<br>SPECIAL PROCESS SERVER | _Wm Stage Jr_ |
|---|---|
| Printed Name of Officer or Server | Signature of Officer or Server |

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____   _____

Date                                Notary Public

**Service Fees (if applicable)**

| | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - ST LOUIS COUNTY - May 21, 2025 - 02:56 PM

## THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

### Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

### Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

### Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

### Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

CCADM73

Electronically Filed - ST LOUIS COUNTY - May 21, 2025 - 02:56 PM

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

Electronically Filed - ST LOUIS COUNTY - May 21, 2025 - 02:56 PM



**OFFICE OF THE CIRCUIT CLERK**
Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.